IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Terrence Renard Russell,      )
          )    C.A. No. 1:23-1019-HMH-SVH
      Plaintiff,   )
          )
  vs.      )    **OPINION & ORDER**
          )
          )
Complex Warden and FCI    )
Edgefield,      )
          )
      Defendants.  )

     This matter is before the court for review of the Report and Recommendation of United

States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 for the District of South Carolina.[1]  Terrence Renard Russell ("Russell"),

a federal prisoner proceeding pro se, asserts claims pursuant to 42 U.S.C. § 1983.  In her Report

and Recommendation filed on May 1, 2023, Magistrate Judge Hodges recommends denying

Russell's application to proceed in forma pauperis ("IFP").  (R&R, generally, ECF No. 14.)

     Russell filed timely objections to the Report and Recommendation.[2]  (Objs., ECF No.

17.)  Objections to the Report and Recommendation must be specific.  Failure to file specific

objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court
may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate
judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]  See Houston v. Lack, 487 U.S. 266 (1988).

review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Russell objects, arguing that he lacks the financial ability to pay the filing fee.  (Objs., generally, ECF No. 17.)  A litigant may commence an action in federal court IFP by filing an affidavit in good faith containing a statement of assets and demonstrating he cannot afford to pay the required fees of the lawsuit.  28 U.S.C. § 1915(a)(1).  An affidavit to proceed IFP is sufficient if it "states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted).   After review of the record, Russell has failed to show that payment of the $405 filing fee would deprive him of the "necessities of life," as he has $7200 in his prison account that is not being utilized for restitution.  Id.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Russell's application for leave to proceed in forma pauperis, docket number 13, is denied.   Russell is granted fourteen (14) days from the date of this Opinion and Order to submit the required filing fee.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 26, 2023

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.